S. S. McCOWN, Guardian, *v.* W. H. MOORES *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Bill of review. Guardian. Settlement.* Under a bill filed on behalf of an infant by next friend against his late guardian and his sureties for a settlement of the guardianship, a decree was rendered for the balance shown to be due the ward by the last settlement of the clerk of the county court with the guardian; afterwards a new guardian of the infant discovered an error in a previous settlement to the prejudice of his ward made by the clerk in the addition of items of debit. *Held,* that the error might be corrected by an original bill or bill of review, and that an affidavit of reasonable diligence was not required to obtain leave to file the bill of review.

### FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. J. W. BURTON, Ch.

R. L. BRIGHT for complainant.

HOLMAN & HOLMAN and CARRIGAN & HIGGINS for defendants.

COOPER, J., delivered the opinion of the court.

In the year 1868, W. H. Moores was appointed and qualified as guardian of Mary J. H. Wilson, an infant. He made settlements of his accounts as guardian from time to time with the clerk of the county court. In one of these settlements made July 7, 1872, the clerk in adding up the items of charge against the guardian made an error in his favor, and against the ward, apparent on the face of the settlement, of

$900. The balance found against the guardian after the commission of this error was carried into another settlement made July 7, 1875. In March, 1876, the county court removed Moores from the guardianship for cause, but without at once appointing another guardian in his place. In March, 1876, a bill was filed in the name of the infant by her mother as next friend against the late guardian and his sureties for a settlement of the guardianship. Such proceedings were had in this cause that at the October term, 1876, upon a report of the master as to the amount due, a decree was rendered against the guardian and his sureties for the sum found, in favor of the ward. The report of the master was in fact made by simply taking the amount found against the guardian by his settlement with the county court clerk of July 7, 1875, without noticing the error in the previous settlement, and without, it seems, bringing that settlement to the attention of the court. On April 12, 1877, S. S. McCown was appointed and qualified as guardian of Mary J. H. Wilson, and on October 20, 1877, filed the original bill in this cause.

The bill was in form an original bill in the name of the ward by the guardian, McCown, against Moores, the former guardian and his sureties, setting out the foregoing facts, and seeking to hold the defendants liable for the sum of $900, with interest, which had not been recovered in the original suit. The bill alleged that the mistake of the county court clerk in the settlement of July, 1872, was not known to the infant or her next friend during the pendency of the

former suit, and had only recently been discovered by the present guardian. The defendants demurred to the bill, but the demurrer was overruled, and they filed answers. After taking the deposition of the county court clerk showing the settlements made by him with the former guardian, and the error in the settlement of July, 1872, as claimed, the complainant, at the October term, 1878, of the court, made application for leave to amend by filing a supplemental bill in the nature of a bill of review to review the proceedings in the original cause of the infant by next friend against the former guardian and his sureties. The affidavit in support of the application, and the bill presented therewith, stated the facts substantially as above. And the application was based upon the ground of newly discovered evidence in the finding of the mistake in the clerk's settlement of 1872. The chancellor refused the application, and dismissed the original bill filed by M Cown. The complainant appealed, and the Referees have reported in favor of giving the complainant leave to file the bill of review. The defendants except.

In *Richmond* v. *Tayleur*, 1 P. W., 737, it was held by Lord Macclesfield, in 1721, that where an infant conceives himself aggrieved by a decree he is not under a necessity to stay till he comes of age before he seeks redress, but may apply for that purpose as soon as he thinks fit; neither is he bound to proceed by way of rehearing or bill of review, but may impeach the former decree by an original bill stating specially the errors in the former decree. Lord Redes-

dale, the very highest authority in a matter of equity pleading, expressed the opinion as a judge that where the error against an infant is not in the judgment of the court, but in the facts on which the judgment is founded, the manner in which the infant proceeds to investigate the decree (and which he may do during his infancy or afterwards) is generally by original bill: *Carew* v, *Johnston*, 2 Scho. & Lef., 280, 292. Upon the strength of these authorities the text writers concur in saying that an infant may impeach a decree for error by an original bill: 1 Dan. Ch. Pr., 164; Mitf. Pl., 94; Coop. Eq. Pl., 98; Welf. Eq. Pl., 247; Sto. Eq. Pl., sec. 427. The language of Judge Story at the place last cited is: "Where an improper decree has been made against an infant, although the same were not gained by fraud, or collusion, or surprise, it ought to be impeached by original bill; and the infant aggrieved by it need not stay until he is of age." And the rule has been twice recognized by this court: *McGavock* v. *Bell*, 3 Cold., 517; *Livingston* v. *Noe*, 1 Lea, 64. See also *Loyd* v. *Malone*, 23 Ill., 43; *Kuchenbeiser* v. *Backert*, 41 Ill., 172; *Ralston* v. *Lahee*, 3 Iowa, 17. The authorities agree also that if there has been any mistake in the form of an infant's suit, or of the proceedings under it, or in the conduct of them, the court will, upon application, permit the mistake to be rectified: 1 Dan. Ch. Pr., 73; Sto. Eq. Pl., sec. 59. And the opinion has been strongly expressed by the vice-chancellor in a recent case in England that an infant may file a bill of review without leave of the court: *Hoghton* v. *Tiddey*,

L. R., 18 Eq., 573.    The reason for these rules and rulings is that an infant cannot be guilty of negligence, and ought not to be prejudiced by the negligence of those who undertake to act for him.

In view of these principles and decisions the complainant is entitled to the same relief, if entitled to any relief, under the original bill filed by the present guardian as under the proposed bill of review. The only advantage to be gained by the bill of review may be, if treated as a continuation of the suit by the next friend, in preventing the bar of the statute of limitations of two years and six months attaching in favor of the personal representatives of two of the sureties of the original guardian who have died. The infant is entitled to this possible benefit.

A bill of review may he brought upon the discovery of new matter in existence at the former hearing, which would probably have changed the result, and which has first come to the knowledge of the party after the time when it could have been used at the original hearing: Sto. Eq. Pl., sec. 412. The discovery of a release or receipt which would affect the merits of the claim upon which the decree was founded, has long been recognized as sufficient to sustain a bill of review for newly discovered evidence: *Standish* v. *Radley*, 2 Atk., 177. The discovery of an obligation of indebtedness would, of course, be equally effective, and has been so held by this court in an unreported case in which I was of counsel. The discovery of an obvious mistake in the addition or subtraction of items in a settlement would stand upon

precisely the same ground. It would be material ev-
idence which, if not then known, could not possibly
have been used.

A qualification of the general rule is as well set-
led as the rule itself, and that is that the matter must
be such as the party, by the use of reasonable dili-
gence, could not have known; for if there be any
laches or negligence in this respect the right to relief
is destroyed: *Burson* v. *Dosser,* 1 Heis., 754. And
it may be conceded that an obvious error in addition
would, ordinarily, be discoverable by reasonable dili-
gence, and that it would be negligence not to dis-
cover it. But, as said by the vice-chancellor in the
case already cited, and which is directly in point on
the question before us: "Negligence cannot be im-
puted to an infant for not discovering facts, for an
infant is not bound to discover any thing, and there-
fore no affidavit of reasonable diligence can be required":
*Hoghton* v. *Fiddey,* L. R., 18 Eq., 573, 577. The
application in that case was for leave to file a bill of
review on behalf of an infant, and the objection made
was that there was no affidavit to show that the mis-
take could not have been earlier discovered by reason-
able diligence. The vice-chancellor doubted whether
an infant was required to apply for leave of the court
before filing a bill of review, but he had no doubt
of the inapplicability of the general rule of diligence
to an infant. The counsel, he said emphatically "has
not been able to find a case where the principle has
been applied to an infant, because it never had been
so applied."

The decree of the chancellor, in confirmation of the report of the Referees, will be reversed, leave granted to file the bill of review, and the cause re- manded. The defendants will pay the costs of this court.